UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Canonico,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>State of Nevada et al.,<br><br>　　　　　Defendants | Case No. 2:23-cv-01460-CDS-MDC<br><br>**ORDER** |

## I.  Background

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 1). The IFP application was incomplete as plaintiff did not include a certified copy of the trust fund account statement nor a financial certificate. Plaintiff later partially complied with Judge Ferenbach's order: he filed his trust fund account statement, but it dates back only one month. ECF No. 7. Plaintiff also failed to include the financial certificate noting his current account balance, average monthly balance, average monthly deposits, and the calculated initial partial filing fee.

Plaintiff filed his civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) alleging that he was subject to Double Jeopardy. Plaintiff has now also filed an amended petition for writ of habeas corpus (ECF No. 8).

## II.  DISCUSSION

Plaintiff, who is incarcerated in the custody of the High Desert State Prison ("HDSP"), has submitted both a civil rights complaint pursuant to 42 U.S.C. § 1983 and a petition for writ of habeas corpus in this action. (ECF Nos. 1-1,8).  Plaintiff cannot pursue both types of claims in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action

would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff may pursue either his § 1983 complaint <u>or</u> his habeas petition in this case but not both. He may file the other action in a separate case.

Plaintiff must filed a notice with the court by no later than **March 22, 2024**, in which plaintiff must indicates whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 1-1) and strike his habeas petition (ECF No. 8) in this case; <u>or</u> (2) strike his § 1983 civil rights complaint (ECF No. 1-1) and pursue his habeas petition in this case. If plaintiff does not designate one of these options, the Court will dismiss the entire case without prejudice because plaintiff cannot proceed simultaneously on both his § 1983 complaint and habeas petition in the same case.

If plaintiff decides to proceed with the civil rights case instead of the habeas petition, plaintiff must either file a fully complete application to proceed *in forma pauperis* on this Court's approved form and submit the required attachments by **March 22, 2024,** or pay the full filing fee for a civil action or face possible dismissal of this action. Although plaintiff filed the first three pages of his application to proceed *in forma pauperis* on this Court's approved form and filed his trust account statement, he has not filed a financial certificate on this Court's approved form and has not submitted an inmate account statement for the past six months. (*See* ECF Nos. 1, 7). Plaintiff's account statement only shows a statement for a single month. As such, plaintiff has yet to file a fully complete application to proceed *in forma pauperis*.

### III.  CONCLUSION

IT IS ORDERED that, plaintiff shall file a notice by **March 22, 2024**, indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 1-1) and strike his habeas petition (ECF No. 8) in this case; <u>or</u> (2) strike his § 1983 civil rights complaint (ECF No. 1-1) and pursue his habeas petition in this case. If plaintiff decides to pursue the civil rights case, then he shall also file both a financial certificate on this Court's approved form and an inmate account statement for the past **six months**.

It is FURTHER ORDERED that, if plaintiff fails to file a fully complete application to proceed *in forma pauperis* by the deadline, the Court will recommend dismissing this case

without prejudice.

It is FURTHER ORDERED that, if plaintiff fails to comply with this order and timely inform the Court whether he is pursuing his § 1983 civil rights complaint or habeas petition in this case, the Court will dismiss the entire case without prejudice because plaintiff cannot pursue both actions simultaneously in the same case.

It is FURTHER ORDERED that the Clerk of the Court will send plaintiff courtesy copies of (1) its previous order (ECF No. 6); (2) this Court's approved application to proceed *in forma pauperis* for prisoners; and (3) the docket sheet.

DATED THIS 23rd day of January 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge